UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-10052-CV-MOORE
MAGISTRATE JUDGE REID

KENNETH JAMES GRIFFITH,

      Plaintiff,

v.

MONROE COUNTY DETENTION CENTER,
*et al.,*

      Defendants.

_____/

**REPORT OF MAGISTRATE JUDGE**
**RE CIVIL RIGHTS COMPLAINT - 42 U.S.C. § 1983**
**[ECF No. 1]**

**I. Introduction**

Plaintiff, **Kenneth James Griffith,** a pre-trial detainee, confined at the Monroe County Detention Center ("MCDC"), has filed a *pro se* civil rights complaint, pursuant to 42 U.S.C. § 1983, following a November 14, 2019 fall from his bunk and resulting injuries. [ECF No. 1 at 2, ECF No. 1-1 at 1-2]. He sues the following Defendants: (1) MCDC and (2) Wellpath Medical. [ECF No. 1 at 1]. As discussed below, this Complaint should be DISMISSED for failure to state a claim upon which relief can be granted.

This case has been referred to the undersigned for issuance of all preliminary orders and recommendations to the district court regarding dispositive motions. *See* 28 U.S.C. § 636(b)(1)(B), (C), and S.D. Fla. Admin. Order 2019-02.

Plaintiff has previously been granted permission to proceed *in forma pauperis* ("IFP") and is therefore subject to the screening provisions of 28 U.S.C. § 1915(e)(2). *See Farese v. Scherer,* 342 F.3d 1223, 1228 (11th Cir. 2003) ("Logically, § 1915(e) only applies to cases in which the plaintiff is proceeding IFP").

## II. Standard of Review- 28 U.S.C. §1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), where a plaintiff is proceeding IFP, the complaint must be dismissed if the court determines that the complaint fails to state a claim on which relief may be granted. *Wright v. Miranda,* 740 F. App'x 692, 694 (11th Cir. 2018)(per curiam).

In reviewing the complaint under § 1915(e), the court takes the allegations as true and construes them in the light most favorable to Plaintiff. *Hughes v. Lott,* 350 F.3d 1157, 1159-60 (11th Cir. 2003); *Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 785 (11th Cir. 2017)(per curiam)(citing *Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1335 (11th Cir. 2012)(per curiam)).

In order "to avoid dismissal for failure to state a claim, a complaint must contain factual allegations that, when accepted as true, allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct." *Wright,*

740 F. App'x at 694 (citing *Waldman v. Conway*, 871 F.3d 1283, 1289 (11th Cir. 2017)(per curiam)). Although a *pro se* pleading is liberally construed, it must still "suggest that there is some factual support for a claim." *Id.*

To state a claim for relief under § 1983, "a plaintiff must show that he or she was deprived of a federal right by a person acting under color of state law." *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001)(citing *Almand v. DeKalb Cty., GA,* 103 F.3d 1510, 1513 (11th Cir. 1997)). Under § 1915(e)(2)(B)(i), courts may dismiss as frivolous claims that are "based on an indisputably meritless legal theory" or "whose factual contentions are clearly baseless" *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001). Thus, under 28 U.S.C. § 1915(e)(2)(B)(ii), the court may dismiss a complaint that fails "to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The court may not, however, construct a litigant's legal arguments for him. *See Fils v. City of Aventura,* 647 F.3d 1272, 1285 (11th Cir. 2011)(finding a court "may look at all the evidence in the record," but it may not "act as plaintiff's lawyer and construct the party's theory of liability from facts never alleged, alluded to, or mentioned during the litigation.").

### III. Discussion

### A. Factual Allegations in Complaint

Construing Plaintiff's argument liberally, as afforded *pro se* litigants pursuant to *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972)(per curiam), Plaintiff, a pre-trial detainee, claims that on November 4, 2019, at 3:30 a.m., as he attempted to climb up to his assigned top bunk, he "banged" his knee on the top rail, causing it to immediately swell. [ECF No. 1-1 at 1]. He maintains MCDC maintains "unsafe living conditions," providing "no ladders" to assist inmates with climbing onto upper bunks. [*Id.*].

At first, Plaintiff suggests after he injured his knee, he made multiple medical requests to see a doctor, was repeatedly told he was "on the list," but was never called. [*Id.* at 2]. He then provides contradictory statements, explaining he did, in fact, speak to a doctor regarding his request for "an MRI," but was told they could not authorize an "outside visit" at that time due to the coronavirus. [*Id.*]. He claims to have written numerous agencies and Captain Cain, whom he has not identified as a defendant, to obtain authorization to see a "specialist" and get his "knee fixed." [*Id.*]. However, in his attached exhibits, he admits having been seen by "a nurse or nurse practitioner" approximately four or six times since the incident, but explains he wants to see an orthopedic surgeon and get an MRI of his knee. [ECF No. 1-1 at 11]. He further concedes he was prescribed aspirin and anti-inflammatory medication but alleges they did not alleviate his knee pain. [*Id.* at 6-7]. He alleges

he asked the nurses or nurse practitioners he saw to prescribe him pain medications, but they refused to do so. [*Id.* at 1-16]. His attached documents further confirm he was seen on March 20, 2020 by a physician, and was also given a lower bunk pass. [*Id.* at 16, 17]. In response to a March 16, 2020 medical request demanding to see a doctor, not a nurse practitioner, Plaintiff was advised he does "not get to choose who you see you may sign a refusal the next time you are brought down." [*Id.* at 17].

Plaintiff identifies and sues only MCDC and Wellpath Medial. [ECF No. 1 at 1]. He seeks compensatory damages. [*Id.* at 3].

### B. Failure to State a Claim

1. <u>Dismissal as Shotgun Pleading</u>

Before screening under § 1915(e), it bears mentioning that this complaint should be dismissed because it is a "shotgun pleading," which fails to allege that his constitutional rights have been violated under 42 U.S.C. § 1983, and his claims, as drafted, against the MCDC and Wellpath Medical are too conclusory to proceed. *See e.g., Jackson v. Bank of America,* 898 F.3d 1348, 1356 (11th Cir. 2018)(finding shotgun pleading obstructed the administration of justice). The allegations fail to provide the defendants with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell,* 550 U.S. at 555(quotation omitted)(ellipses in original).

A claim for relief "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft,* 556 U.S. at 678 (internal quotation marks omitted). A "claim has factual plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Also, each claim should be presented in a separate numbered paragraph, with each paragraph "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

Plaintiff's Complaint [ECF No. 1] constitutes a narrative, shotgun pleading. *See Weiland v. Palm Beach Cnty. Sheriff's Office,* 792 F.3d 1313, 1321-23 (11th Cir. 2015)(citations omitted). Four "rough" categories of shotgun pleadings identified by the Eleventh Circuit are: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint;" (2) a complaint that does not separate "into a different count each cause of action or claim for relief;" (3) "a complaint alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any pleading," and (4) a complaint which asserts "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *See Weiland,* 792 F.3d at 1322-23.

As applied, the complaint does not give any of the named defendants fair notice of any violation of Plaintiff's constitutional rights, much less sufficient facts of any federal law claims, and is instead replete with conclusory contradictory allegations and few supporting facts. *See Weiland,* 792 F.3d at 132. Plaintiff does

not clearly assign any particular constitutional act or omission to the named defendants. The complaint's numerous conclusory allegations, and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," do not suffice to state a plausible claim to relief. *See Ashcroft*, 566 U.S. at 678. For all of the foregoing reasons, the complaint should be dismissed, pursuant to §1915(e), for failure to state a claim upon which relief can be granted.

2. MCDC and Wellpath Medical Not Subject to Suit

To bring a viable § 1983 action, the defendant must be an entity that is subject to being sued. *Dean v Barber,* 951 F.2d 1210, 1214 (11th Cir. 1992).

**a. *Monroe County Detention Center***

The Plaintiff sues MCDC. [ECF No. 1 at 1]. The MCDC is not a proper defendant in a case brought under 42 U.S.C. § 1983 because it does not enjoy a separate legal existence independent of the County or the Sheriff's Office. *Dean,* 951 F.2d at 1214. The capacity of a detention center like MCDC to be sued in federal court is governed by the law of the state in which the district court is located. *Faulkner v. Monroe Cnty. Sheriff's Dep't,* 523 F. App'x 696, 701 (11th Cir. 2013)(per curiam); *Wilk v. St. Lucie County Fla. Sheriff Office,* 740 F. App'x 658, 662 (11th Cir. 2018)(per curiam)(citing *Dean,* 951 F.2d at 1214 and Fed. R. Civ. P. 17(b)). Florida law does not recognize a jail facility as a legal entity separate and apart from the Sheriff charged with its operation and control. *See generally,* Chapter 30, Fla. Stat.. Thus, MCDC "is not a proper defendant in a suit for damages" as it

"does not have the capacity to sue and be sued." *Wilk,* 740 F. App'x at 662 (citing *Fla. City Police Dep't v. Corcoran,* 661 So.2d 409, 410 (Fla. 3rd DCA 1995)).

Where, as here, a § 1983 plaintiff sues a detention facility, there must be proof that the alleged injuries resulted from an official custom, policy, or practice. *See e.g., Monell v. Dep't of Social Serv.,* 436 U.S. 658 (1978). Plaintiff identified MCDC, but does not articulate any custom, policy or practice.

For the foregoing reasons, the Monroe County Detention Center must be dismissed as a defendant pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). *Dean,* 951 F.2d at 1214 (nothing that sheriff's departments and police departments are not legal entities subject to suit under § 1983); *Brannon v. Thomas County Jail,* 280 F. App'x 930, n.1 (11th Cir. 2008)(affirming dismissal of county jail in § 1983 action nothing jail under Georgia state law is not considered a legal entity).

### b. *Wellpath Medical*

Defendant, Wellpath Medical ("Wellpath") appears in the caption and is also identified as a party on page one of the complaint. [ECF 1 at 1]. The complaint, however, is devoid of any claims against Wellpath.

Although a private entity, Wellpath may be held liable under § 1983 to the extent it may be tasked with providing medical care to inmates within the Monroe County detention facilities, which is a "function traditionally within the exclusive prerogative of the state." *Buckner v. Toro,* 116 F.3d 450, 452 (11th Cir. 1997)(per curiam). However, a corporation cannot be liable under § 1983 for any action or

inaction taken by its employees. *McDowell v. Brown,* 392 F.3d 1283, 1289 (11th Cir. 2004); *Craig v. Floyd Cty., Ga.,* 643 F.3d 1306, 1309-10 (11th Cir. 2011).

Plaintiff's factual allegations are insufficient to sustain a claim that Wellpath has a policy of denying medical care to inmates, much less that the practice was so widespread Wellpath was on notice of such violation and made a "conscious choice" to disregard it. *Gold v. City of Miami,* 151 F.3d 1346, 1350 (11th Cir. 1998). Thus, Plaintiff's claim against Wellpath should be dismissed under § 1915(e)(2)(B)(ii). Therefore, MCDC should be dismissed for failure to state a claim upon which relief can be granted.

3. No Deliberate Indifference

Plaintiff fails to state a claim of deliberate indifference.

The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment that they receive while in prison. *Farmer v. Brennan,* 511 U.S. 825, 832 (1994). The Supreme Court has interpreted the Eighth Amendment to prohibit "deliberate indifference to serious medical needs of prisoners." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976).

As a pretrial detainee at the MCDC, Plaintiff's rights arise under the Due Process Clause of the Fourteenth Amendment rather than the Eighth Amendment. *See Campbell v. Johnson,* 586 F.3d 835, 842 (11th Cir. 2009)(per curiam)(citation omitted). The same standard applies for evaluating a pretrial detainee's claims of

inadequate medical care under the Fourteenth Amendment. *See Mann v. Taser Int'l, Inc.,* 588 F.3d 1291, 1306 (11th Cir. 2009).

To prevail on a claim of deliberate indifference, a plaintiff must show: (1) a serious medical need; (2) a defendant's deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury. *See Mann,* 588 F.3d at 1306–07.

### a. *Objective Serious Medical Need*

"[A] 'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.,* 40 F.3d 1176, 1187 (1994)(citations omitted), *overruled in part on other grounds, Hope v. Pelzer,* 536 U.S. 730, 739 n.9 (2002)); *Andujar v. Rodriguez,* 486 F.3d 1199, 1203 (11th Cir. 2007). "[T]he medical need must be 'one that, if left unattended, pos[es] a substantial risk of serious harm.'" *Farrow,* 320 F.3d at 1243 (quotation marks and citations omitted).

Plaintiff has alleged a serious medical need. He complains he suffered swelling and pain after he banged his knee. [ECF No. 1-1 at 1-3]. He does not state how the treatment or lack thereof was so inadequate that it constituted no treatment at all.

b. *Deliberate Indifference*

That does not end the inquiry. Plaintiff must still demonstrate that medical staff were deliberately indifferent to his medical needs. To do so, Plaintiff has to allege (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence. *Melton v. Abston,* 841 F.3d 1207, 1223–24 (11th Cir. 2016)(per curiam)(citing *Bingham v. Thomas,* 654 F.3d 1171, 1176 (11th Cir. 2011) (per curiam).

Plaintiff does not identify who purportedly was deliberately indifferent to his medical needs. He also has failed to demonstrate how the refusal to have him seen by a specialist or the lack of an MRI rises to the level of deliberate indifference. He concedes he has been provided medical care and treatment, but disagrees with the court of treatment, insisting on seeing an outside specialist. Merely alleging his leg was swollen and his pain medication inadequate is insufficient to establish that he needed greater care than what was provided. Thus, Plaintiff has failed to state sufficient facts to support a claim of deliberate indifference. *See Cannon v. Corizon Med. Servs.,* 795 F. App'x 692, 697 (11th Cir. 2019)(per curiam)(affirming medical providers were not deliberately indifferent to serious medical needs by delaying x-ray for swollen leg)(citing *Cottrell v. Caldwell,* 85 F.3d 1480, 1491 (11th Cir. 1991)(quotation marks omitted)).

c. *Conclusion*

Based on the foregoing, to the extent Plaintiff means to state a claim of deliberate indifference to a serious medical need, the claim should be dismissed because he has not identified who was deliberately indifferent, much less stated sufficient facts to support such a claim.

4. Failure to Keep Safe From Harm

Construed liberally, Plaintiff appears to allege that his constitutional rights were violated because no ladders are provided so that inmates can more easily get up onto the upper bunks. [ECF No. 1-1 at 1-3].

"Where, as here, the plaintiff is a pre-trial detainee . . . the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment's prohibition against cruel and unusual punishment governs. . ." *See Scott v. Miami-Dade Cty.,* 657 F. App'x 877, 881 n. 4 (11th Cir. 2016)(quoting *Goodman v. Kimbrough*, 718 F.3d 1325, 1331 n. 1 (11th Cir. 2013)). The standard, however, "is the same in both contexts," so that "decisional law involving Eighth Amendment deliberate indifference claims" applies. *See Scott,* 657 F. App'x at 881 n. 4 (citing *Cottrell,* 85 F.3d at 1490).

It is well settled that "a prison official's deliberate indifference to a known, substantial risk of serious harm to an inmate violates the Fourteenth Amendment." *Scott,* 657 F. App'x at 881 (quoting *Goodman,* 718 F.3d at 1331)(quoting *Cottone v. Jenne,* 326 F.3d 1352, 1358 (11th Cir. 2003); *accord Farmer,* 511 U.S. at 832

(finding "prison officials must . . . 'take reasonable measures to guarantee the safety of the inmates.'")(quoting *Hudson v. Palmer,* 468 U.S. 517, 526-27 (1984)))).

Thus, the Eighth Amendment imposes a duty on prison officials to take reasonable measures to guarantee the safety of the inmates." *Estate of Owens v. GEO Group, Inc.,* 660 F. App'x 763, 766–68 (11th Cir. 2016)(per curiam)(quoting *Farmer,* 511 U.S. at 833 (citation omitted)). In order to prove the prison official acted with deliberate indifference, Plaintiff must allege the following three elements: "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation." *See Scott,* 657 F. App'x at 881 (quoting *Hale v. Tallapoosa Cty.,* 50 F.3d 1579, 1582 (11th Cir. 1995)); *Brooks v. Warden,* 800 F.3d 1295, 1301 (11th Cir. 2015).

The determination of a substantial risk of serious harm is measured against an objective standard. *Estate of Owens,* 660 F. App'x at 767 (quoting *Brooks,* 800 F.3d at 1301). The alleged condition must be "so extreme that it poses an unreasonable risk of serious damage to the prisoner's health or safety." *Estate of Owens,* 660 F. App'x at 767 (quoting *Richardson v. Johnson,* 598 F.3d 734, 737 (11th Cir. 2010)(per curiam)). In that regard, "there must be a 'strong likelihood' of injury, 'rather than a mere possibility,' before an official's failure to act can constitute deliberate indifference." *Estate of Owens,* 660 F. App'x at 767 (quoting *Brown v. Hughes,* 894 F.2d 1533, 1537 (11th Cir. 1990)(per curiam)(quotations omitted)). The risk of harm has to be actual, it cannot be potential or speculative. *Estate of*

*Owens,* 660 F. App'x at 767 (quoting *Carter v. Galloway,* 352 F.3d 1346, 1349–50 (11th Cir. 2003)(per curiam)). Mere exposure to harm is insufficient, because "in the jail setting, a risk of harm to some degree always exists" by the very nature of it being a jail. *See Estate of Owens,* 660 F. App'x at 767 (quoting *Purcell v. Toombs Cty.*, 400 F.3d 1313, 1323 (11th Cir. 2005)).

Given the facts alleged, Plaintiff has failed to state sufficient facts to support a failure to keep safe from harm claim or condition of confinement claim. He does not identify a named defendant who was aware of the condition and did nothing. Thus, this claim should be dismissed under § 1915(e) for failure to state a claim upon which relief can be granted.

## IV. Recommendations

Based upon the foregoing, it is recommended that:

1.    this complaint be DISMISSED for failure to state a claim upon which relief can be granted under § 1915(e) and as frivolous, *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993)(per curiam); and,

2.    the case CLOSED.

Notwithstanding, it is also recommended that Plaintiff be permitted to amend the complaint to cure the deficiencies, if he so chooses, by a date certain. *See Troville v. Venz,* 303 F.3d 1256, 1260 (11th Cir. 2002)(per curiam)(citations omitted)(finding that § 1915(e)(2)(B)(ii) does not allow the district court to dismiss an *in forma pauperis* complaint without allowing leave to amend when required under Fed. R.

Civ. P. 15.). Plaintiff should be warned that failure to amend by the given date may result in dismissal of this action under §1915(e) and/or the case remaining closed since Plaintiff has failed to state a claim upon which relief can be granted.

Objections to this Report may be filed with the District Judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar plaintiff from a *de novo* determination by the District Judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the District Judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. §636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

SIGNED this 24th day of August, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Kenneth James Griffith, *Pro Se*
      Inmate Jail No. 18016789
      Monroe County Detention Center
      Inmate Mail/Parcels
      5501 College Road
      Key West, FL  33040