**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 4:20-cv-10052-KMM

KENNETH JAMES GRIFFITH,

    Plaintiff,
v.

MONROE COUNTY DETENTION CENTER,
*et al.*,

    Defendants.
                                          /

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon *pro se*[1] Plaintiff Kenneth James Griffith's Complaint Under the Civil Rights Act, 42 U.S.C. § 1983. ("Compl.") (ECF No. 1). The Court referred the matter to the Honorable Lisette M. Reid, United States Magistrate Judge, who issued a Report and Recommendation recommending that the Complaint be DISMISSED and the matter CLOSED. ("R&R") (ECF No. 8). Petitioner did not file objections and the time to do so has passed.[2] The matter is now ripe for review. As set forth below, the Court ADOPTS IN PART the R&R.

---

[1] Plaintiff filed a Motion for Appointment of Counsel (ECF No. 60), wherein Plaintiff requested that the Court appoint counsel to represent Plaintiff in pursuing the instant claim. "A civil litigant . . . has no absolute constitutional right to the appointment of counsel. The appointment of counsel is instead a privilege that is justified only by exceptional circumstances." *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992) (quoting *Poole v. Lambert*, 819 F.2d 1025, 1028 (11th Cir. 1987)). Here, the Court does not find any exceptional circumstances that would require the appointment of counsel. Accordingly, it is hereby ORDERED AND ADJUDGED that the Motion for Appointment of Counsel (ECF No. 60) is DENIED.

[2] Although Plaintiff did not file objections, he filed a Motion for Order to Show Cause and Temporary Restraining Order. ("TRO Mot.") (ECF No. 17). The TRO Motion arises out of the same aggrievement as the Complaint; namely, that Plaintiff injured his knee after falling out of his cell bunk. *See generally* Compl.; TRO Mot. For the reasons set forth in this Order on Report and Recommendation, Plaintiff has failed to establish a substantial likelihood of success on the merits. *See Swain v. Junior*, 961 F.3d 1276, 1284 (11th Cir. 2020). Accordingly, it is hereby ORDERED AND ADJUDGED that the TRO Motion is DENIED.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff is a pre-trial detainee held at Monroe County Detention Center ("MCDC"). On November 14, 2019, Plaintiff injured his knee while attempting to climb into his assigned top bunk. (ECF No. 1-1 at 1). Plaintiff alleges that his requests to see a doctor regarding his knee injury were ignored, but also alleges that he did, in fact, speak to a doctor to request an MRI. *Id.* at 2. Based on documents Plaintiff attached to the Complaint, it appears that he was seen by a nurse practitioner multiple times, but that he requested an examination by an orthopedic surgeon. *Id.* at 11. Plaintiff was prescribed aspirin and anti-inflammatory medication, but his knee pain persisted. *Id.* at 6–7. Plaintiff seeks compensatory damages for his injury caused by MCDC's "unsafe living conditions." *Id.* at 1, 3.

As set forth in the R&R, Magistrate Judge Reid finds that the Complaint fails to allege a constitutional violation and should be dismissed subject to screening under 28 U.S.C. § 1915(e)(2). *See generally* R&R. First, Magistrate Judge Reid finds that the Complaint is a shotgun pleading because Plaintiff's allegations "fail to provide the defendants with fair notice of what the claim is and the grounds upon which it rests." *Id.* at 5 (citations and internal quotation marks omitted). Second, Magistrate Judge Reid finds that MCDC is "not a proper defendant in a case brought under 42 U.S.C. § 1983" because state-run jail facilities are not legal entities "separate and apart from the Sheriff charged with its operation and control." *Id.* at 7. Magistrate Judge Reid also finds that Plaintiff fails to articulate any jail custom, policy, or practice from which Plaintiff's alleged injury resulted. *Id.* at 8. Third, magistrate Judge Reid finds that Plaintiff failed to state a cognizable claim against Defendant Wellpath Medical ("Wellpath") because Plaintiff failed to allege that Wellpath had a policy of denying medical care to inmates, or that its employees denied medical

care so consistently that Wellpath could be on notice of such widespread neglect. *Id.* at 8–9. Fourth, Magistrate Judge Reid finds that Plaintiff failed to state a claim for deliberate indifference because he alleged no facts indicating a serious medical need or Defendants' deliberate indifference to that need. *Id.* at 9–12. Fifth, Magistrate Judge Reid finds that Plaintiff failed to state a claim for failure to keep detainees safe from harm because the conditions as alleged by Plaintiff failed to indicate a substantial risk of harm. *Id.* at 14.

The Court agrees that Plaintiff failed to state a claim against either MCDC or Wellpath because he has not alleged any custom, policy, or practice of neglect, nor has he pled that the conditions created a substantial risk of harm. And, the Court agrees that MCDC is not a proper defendant in federal court. Accordingly, the Court need not rely on Magistrate Judge Reid's finding that the Complaint is an impermissible shotgun pleading.

UPON CONSIDERATION of the Complaint, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Magistrate Judge Reid's Report and Recommendation (ECF No. 8) is ADOPTED IN PART and Plaintiff's Complaint Under the Civil Rights Act, 42 U.S.C. § 1983 (ECF No. 1) is DISMISSED. The Clerk of the Court is directed to CLOSE this case. All pending motions are DENIED as MOOT. It is further ORDERED that, pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, Plaintiff is granted leave to file an amended complaint on or before twenty (20) days from the date of this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 30th day of October, 2020.

K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record